**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**FLYWHEEL ENERGY PRODUCTION**
**LLC;  VAN BUREN ENERGY**
**PRODUCTION LLC;  RAZORBACK**
**PRODUCTION LLC;  and CAER**
**ENERGY LLC**                                                          **PLAINTIFFS**

**v.**                          **No. 4:25-cv-616-DPM**

**ALAN YORK, in his official capacity as**
**the Director of the Arkansas Oil and Gas**
**Commission;  PULOMA PROPERTIES**
**LLC;  and RICHARD PULOMA**                    **DEFENDANTS**

**ORDER**

The operators and working interest owners also press their federal and state constitutional claims against Richard Puloma and his company, Puloma Properties.  Flywheel alleges that Puloma pursued, and lost, one of the earlier federal cases about the statutory royalty and deductions for post-production expenses.  *Doc. 1 at ¶¶ 38–39 & 53.* They also say Puloma testified at a legislative hearing on what became Act 1024.  *Doc. 1 at ¶ 56.*  The reasonable inference is that Puloma strongly supported the legislation.  And Flywheel alleges that AOGC Director York and Puloma intended to enforce Act 1024 retroactively to pre-Act mineral leases.  *Doc. 1 at ¶ 57.*

Accepting all these facts as true, giving them their strongest force, and adding all reasonable inferences, Flywheel has failed to state constitutional claims against Puloma.  Providing information, plus supporting proposed legislation, about a currently contested and murky issue, on which courts had come to different legal conclusions, all in hopes of advancing one's business interests, does not suffice to make one a state actor.  *Compare Carlson v. Roetzel & Andress*, 552 F.3d 648, 650–51 (8th Cir. 2008).  The many members of the Arkansas General Assembly controlled the legislative process.  All those potentially affected by what became Act 1024 were entitled to be heard and to assert their personal interests.  Flywheel's allegations fall short of any kind of conspiracy, or meeting of the minds, to hijack the usual push and pull of lawmaking in a representative democracy. *Compare Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).  The parties cite no precedent holding otherwise in these circumstances.  The Court has found none.  And the authority the Court has found is to the contrary.  *See, e.g.*, *First National Bank of Omaha v. Marquette National Bank of Minneapolis*, 636 F.2d 195, 198 (8th Cir. 1980);  *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 747–48 (9th Cir. 2003). Last, Flywheel doesn't allege that Puloma's advocacy for Act 1024 was baseless;  allowing the claims against these private actors to stand would therefore present significant First Amendment difficulties. *Gorman Towers, Inc. v. Bogoslavsky*, 626 F.2d 607, 614–15 (8th Cir. 1980).

–3–

Motion, *Doc. 41*, granted.  Flywheel's claims against Richard Puloma and Puloma Properties, LLC are dismissed without prejudice; and they are dismissed as defendants.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____
5 August 2025